UNAUTHORIZED PRACTICE OF LAW COMMITTEE OF the SUPREME COURT OF COLORADO, Petitioner,

v.

Alfred Henry BODHAINE, Respondent.

No. 87SA110.

Supreme Court of Colorado,
En Banc.

June 22, 1987.

Linda Donnelly, Disciplinary Pros., Susan L. Fralick, Sp. Deputy Disciplinary Pros., Denver, for petitioner.

Alfred Henry Bodhaine, pro se.

ERICKSON, Justice.

The Unauthorized Practice of Law Committee of the Colorado Supreme Court (Committee) filed a petition to enjoin respondent Alfred Henry Bodhaine from engaging in acts constituting the unauthorized practice of law in Colorado. We issued a rule to show cause why an injunction should not issue, C.R.C.P. 234(a), and now make the rule absolute.

I.

Respondent resides in Ramah, Colorado. He is licensed to practice law in California, but has never been admitted to the bar of this state. The Committee alleges in its petition that Bodhaine has engaged in conduct constituting the unauthorized practice of law.

On March 3, 1986, respondent, by letter, requested and obtained a continuance in a third-degree assault prosecution of Huston Niblock in the Elbert County Court. On May 28, 1986, respondent appeared in court with Niblock for arraignment. Respondent filed various motions on behalf of Niblock thereafter. On July 7, 1986, the district attorney challenged respondent's standing to practice law, and respondent contested the motion. Judge Kirby prohibited respondent from continuing his representation of Niblock without a Colorado law license. Thereafter, Niblock appeared *pro se* in the criminal proceeding.

Bradley Gordon was issued a summons to appear on May 17, 1986 to answer charges of driving under the influence of alcohol. Respondent appeared with Gordon at arraignment on June 16, 1986. The respondent signed and filed Gordon's notice of continuance on July 22, 1986. Judge Toth, on August 6, 1986, inquired whether respondent was admitted to the Colorado bar. Upon learning that respondent was not admitted, Judge Toth ordered that respondent could not practice in his court. The petition alleges that respondent continued to prepare pleadings for Gordon, although the pleadings bore Gordon's signature as if prepared *pro se.*

In August 1986, respondent filed a petition for an "Alternative Writ of Prohibition, Mandamus, or Certiorari" in this court and requested that an order issue to the lower court judges permitting him to appear and practice law in their courts. We denied the petition on August 28, 1986.

Respondent does not deny the factual allegations of the Committee's petition or contend that the acts he engaged in did not

constitute the practice of law. Rather, he insists that he is not required to obtain a license or permission from this court to practice law in Colorado.

## II.

 It is within the authority of the Colorado Supreme Court to promulgate rules governing the admission and regulation of lawyers. *Unauthorized Practice of Law Committee v. Grimes*, 654 P.2d 822 (Colo.1982). An attorney licensed to practice law in another state may not engage in the practice of law in Colorado without obtaining a license or authorization from the Colorado Supreme Court. § 12–5–101, 5 C.R.S. (1985);[1] *People v. Fitkin*, 170 Colo. 388, 461 P.2d 436 (1969). Since the respondent concedes that he is practicing law in Colorado without a license, the rule is made absolute. C.R.C.P. 234(d). The arguments raised by respondent as an excuse for not obtaining authorization or a license from this court are entirely without merit.

Accordingly, the rule to show cause is made absolute. Respondent is enjoined from practicing law in Colorado until he is authorized by the Colorado Supreme Court to appear in Colorado courts or is admitted to the bar of this court.

---

**1.** Section 12–5–101 states:

**License to practice necessary.** No person shall be permitted to practice as an attorney- or counselor-at-law or to commence, conduct, or defend any action, suit, or plaint in which he is not a party concerned in any court of record within this state, either by using or subscribing his own name or the name of any other person, without having previously obtained a license for that purpose from the supreme court. Said license shall constitute the person receiving the same an attorney-

and counselor-at-law and shall authorize him to appear in all the courts of record in this state and there to practice as an attorney- and counselor-at-law according to the laws and customs thereof for and during his good behavior in said practice, and to demand and to receive all such fees as are established for any services which he renders as an attorney- and counselor-at-law in this state. Nothing in this section shall be construed to require membership in a professional organization or bar association as a prerequisite to licensure.